IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) Civil Action No. |
| CITY OF CLEVELAND HEIGHTS, OHIO, | ) |
|  | ) |
| and | ) |
|  | ) |
| THE STATE OF OHIO, | ) |
|  | ) |
| Defendants. | ) |

# COMPLAINT

The United States of America, by authority of the Attorney General of the United States, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF ACTION

1. This is a civil action for injunctive relief and civil penalties brought under Sections 309(b) and (d) of the Clean Water Act ("CWA" or "Act"), 33 U.S.C. § 1319 (b) and (d), against Defendant City of Cleveland Heights, Ohio ("Cleveland Heights" or "City") for (1) unpermitted and illegal discharges of pollutants in violation of Section 301(a) of the CWA, 33 U.S.C. § 1311, and (2) failure to comply with the terms and conditions of Cleveland Heights' state-issued CWA permit governing stormwater discharges. The State of Ohio has been joined as

a Defendant in this action solely to satisfy Section 309(e) of the Clean Water Act, 33 U.S.C. § 1319 (e).

## JURISDICTION, VENUE, AND AUTHORITY

2. This Court has subject matter jurisdiction over claims in this action under the CWA and its implementing regulations pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and under 28 U.S.C. §§ 1331, 1345, and 1355.

3. This Court has personal jurisdiction over Defendant City of Cleveland Heights and Defendant State of Ohio, and venue is proper in the Northern District of Ohio pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and 1395(a), because this is the district where Defendant Cleveland Heights is located and where the alleged violations occurred.

4. As a Defendant served with this Complaint, the State has actual notice of the commencement of this action in accordance with Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

5. The United States, through the United States Department of Justice, has authority to bring this action on behalf of the Administrator of EPA under Section 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

## PARTIES

6. Plaintiff United States of America is acting at the request, and on behalf of, the Administrator of EPA.

7. Defendant City of Cleveland Heights is a "person" as defined in Section 502(5) of the CWA, 33 U.S.C. § 1362(5), and the regulations promulgated thereunder at 40 C.F.R. § 122.2.

8. Defendant State of Ohio is a "State" as defined in Section 502(3) of the CWA, 33 U.S.C. § 1362(3), in which the City of Cleveland Heights is located.

9. The State is joined as a party to this action pursuant to Section 309(e) of the CWA, 33 U.S.C. § 1319(e).

## STATUTES AND REGULATIONS

10. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutants," except, among other things, where authorized by a national pollutant discharge elimination system ("NPDES") permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

11. Section 502 of the CWA, 33 U.S.C. § 1362, provides the following relevant definitions:

- "*discharge of pollutants*" is any addition of any pollutant to navigable waters from any point source.

- "*pollutant*" includes sewage, sewage sludge, biological materials, and municipal waste.

- "*point source*" is any discernable, confined, and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, or conduit from which pollutants are or may be discharged.

- "*navigable waters*" are the waters of the United States, including the territorial seas. "Waters of the United States" have been further defined to include, among other things, waters that are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce, interstate waters, tributaries of such waters, and wetlands adjacent to the foregoing waters. 40 C.F.R. § 122.2.

12. "Municipal separate storm sewer" or "MS4" means, *inter alia*, "a conveyance or system of conveyances (including roads with drainage systems, municipal streets, catch basins, curbs, gutters, ditches, man-made channels, or storm drains) . . . [o]wned or operated by a . . . city . . . county . . . or other public body (created by or pursuant to State law) . . . [and] [d]esigned

or used for collecting or conveying storm water . . . which is not a combined sewer; and which is not part of a Publicly Owned Treatment Works (POTW) as defined at 40 C.F.R. 122.2." 40 C.F.R. § 122.26(b)(8).

13. Section 402(p)(3)(B) of the CWA, 33 U.S.C. § 1342(p)(3)(B), requires that any discharges from an MS4 be subject to a permit that shall require controls to reduce the discharge of pollutants to the maximum extent practicable, including management practices, control techniques and systems, design and engineering methods, and such other provisions as EPA or the State determines appropriate for the control of such pollutants.

14. Section 402(b) of the CWA, 33 U.S.C. § 1342(b), provides that a state may establish its own permit program, and, after receiving authorization from EPA, it may issue NPDES permits in accordance with the requirements of the CWA. In 1992, EPA authorized the State of Ohio to administer an NPDES general permits program. Ohio's authority for the issuance of general NPDES permits is established in Chapter 6111 of the Ohio Revised Code.

15. On January 20, 2009, the Ohio Environmental Protection Agency ("Ohio EPA") issued the General Permit for the Discharge of Stormwater from Small Municipal Separate Storm Sewer Systems, Permit # OHQ000003 ("Small MS4 General Permit"), which was re-issued on September 11, 2014. The 2014 Small MS4 General Permit expires on September 10, 2019.

16. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes EPA to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person is in violation of Section 301 of the CWA, 33 U.S.C. § 1311, or of any permit condition or limitation implementing that section in a permit issued by either EPA or a State under Section 402 of the CWA, 33 U.S.C. § 1342.

17. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates any permit condition or limitation implementing that section in a permit issued by either EPA or a State under Section 402 of the CWA, 33 U.S.C. § 1342, shall be liable for civil penalties. Under the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996 and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, 28 U.S.C. § 2461 note: Pub. L.114-74, § 701, 129 Stat. 584, CWA statutory penalties have been adjusted for inflation as set forth in 40 C.F.R. § 19.4. As adjusted for inflation pursuant to statute, the relevant maximum civil penalties under Section 309(d) of the CWA are:

- $37,500 per day per violation for violations that occurred from January 12, 2009 through November 2, 2015;
- $51,570 per day per violation for violations that occurred from November 3, 2015 through January 14, 2017; and
- $52,414 per day per violation for violations that occurred on or after January 15, 2017.

## **GENERAL ALLEGATIONS**

18. Defendant City of Cleveland Heights is a city created by or pursuant to Ohio State law with jurisdiction over disposal of sewage, industrial wastes, or other wastes.

**Sanitary Sewer System**

19. Defendant City of Cleveland Heights owns, operates, and controls a sanitary sewer system ("SSS") that is designed to convey wastewater, including untreated sewage and other pollutants, from the City's wastewater customers through pipes, channels, tunnels, or other conduits to a wastewater treatment plant operated by the Northeast Ohio Regional Sewer District ("NEORSD").

20. The City of Cleveland Heights does not own or operate its own wastewater treatment plant and has a contract with NEORSD to treat the wastewater that the City conveys to NEORSD's treatment plant.

21. The Cleveland Heights' SSS comprises approximately 100 miles of sewer pipes.

22. The City's SSS is fed by approximately 13,000 individual sewage connections serving approximately 46,000 customers located inside the city limits.

23. The City of Cleveland Heights does not have an NPDES permit for its SSS, and therefore is not authorized to discharge sanitary sewage or other pollutants to navigable waters.

**Storm Sewer System**

24. The City of Cleveland Heights owns, operates, and controls a municipal separate storm sewer system ("MS4"), within the meaning of Section 402(p) of the CWA, 33 U.S.C. § 1342(p), and 40 C.F.R. § 122.26(b)(18).

25. The City's MS4 is a "small" MS4 under 40 C.F.R. § 122.26(b)(17).

26. Pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, the Ohio EPA authorized the City to discharge storm water from its MS4 under the Small MS4 General Permit (Permit #OHQ000003).

27. Part I.B of the Small MS4 General Permit authorizes the discharge of stormwater from a regulated small MS4 provided the requirements of subsection 2 of Part I.B of the Small MS4 General Permit are satisfied and the discharge is not otherwise excluded from coverage under Part C of the Small MS4 General Permit.

28. Part I.C of the Small MS4 General Permit prohibits stormwater discharges that are "mixed with sources of non-storm water" not otherwise authorized in Part I.B.3.a.

29. Part III.B.3.a of the Small MS4 General Permit requires the permittee to develop, implement, and enforce a program to detect and eliminate "illicit discharges" into the permittee's MS4.

30. The term "Illicit Discharge" is defined in Part VI of the Small MS4 General Permit and in 40 C.F.R. §122.26(b)(2) as "any discharge to a municipal separate storm sewer that is not entirely composed of storm water, except discharges [authorized under] an NPDES permit (other than an NPDES permit for discharges from the MS4) and discharges from fire-fighting activities."

31. Part III.B.3.d of the Small MS4 General Permit requires the permittee to effectively prohibit, through ordinance or other regulatory mechanism, illicit discharges into the City's storm sewer system and to implement appropriate enforcement procedures and actions to prevent illicit discharges.

32. Part III.B.3.e of the Small MS4 General Permit requires the permittee to develop and implement a plan to detect and eliminate non-storm water discharges from the MS4.

33. Part V.I. of the Small MS4 General Permit requires the City, as the permittee, to at all times properly operate and maintain all facilities and systems of treatment and control, including related appurtenances, which are installed or used by the City to achieve compliance with the conditions of the Small MS4 General Permit. Proper operation and maintenance includes adequate laboratory controls and appropriate quality assurance procedures. Proper operation and maintenance requires the operation of backup or auxiliary facilities or similar systems, installed by the City when necessary to achieve compliance with the Small MS4 General Permit.

**Sewer Overflows**

34. Many of the City's sanitary sewer pipes are located in a common trench with its storm sewer pipes. As those pipes have deteriorated over time, particularly during times of high flow, sanitary sewage enters the City's MS4. In addition, the City's sanitary sewer pipes include constructed points of interconnection with its MS4 that allow the direct release of sanitary sewage into the MS4 system. Once in the MS4, sanitary sewage is conveyed to outfalls to the Doan Brook, Dugway Brook, or Nine Mile Creek or discharges onto private property. Each of the noted receiving waters is a perennial stream that flows to Lake Erie, and each is a navigable water within the meaning of the CWA, its regulations, and state law.

35. Other constructed SSO points discharge sanitary sewage directly to navigable waters.

36. Instances where sanitary sewage flows into navigable waters without treatment, whether through the MS4 or not, are known as Sanitary Sewer Overflows.

37. Based on records provided by Cleveland Heights, the City has had at least 174 Sanitary Sewer Overflows since 2011.

38. Of those Sanitary Sewer Overflows, based on records provided by Cleveland Heights, at least 143 were instances of sanitary sewage flowing into the storm sewer system and from there to navigable waters. These instances are "illicit discharges" under the Small MS4 General Permit.

## FIRST CLAIM FOR RELIEF
### (Unauthorized Discharges of Untreated Sewage)

39. Paragraphs 1 through 38 are re-alleged and incorporated herein by reference.

40. On numerous occasions from 2011 through the present, sanitary sewage from the SSS flowed into waters of the United States, either directly from the SSS or after flowing into the MS4. Such sanitary sewer overflows constituted discharges of one or more "pollutants" from a "point source" into "navigable waters," within the meanings of those terms under the Clean Water Act and regulations.

41. Each unauthorized discharge of a pollutant to navigable waters constitutes a separate violation of Section 301 of the CWA, 33 U.S.C. § 1311.

42. Unless enjoined by the Court, Defendants will continue to violate the CWA.

43. For each violation under this claim, Defendants are subject to injunctive relief, as well as civil penalties for each day of violation in the amounts set forth in Paragraph 17 above.

## SECOND CLAIM FOR RELIEF
### (Failure to Comply with the Small MS4 General Permit)

44. Paragraphs 1 through 38 are re-alleged and incorporated herein by reference.

45. On numerous occasions from 2011 through the present, the City discharged stormwater while failing to comply with the requirements of the Small MS4 General Permit identified in Paragraphs 28-32 above.

46. Each stormwater discharge made out of compliance with the Small MS4 General Permit is a separate violation of Section 309 of the CWA, 33 U.S.C. § 1319.

47. Unless enjoined by the Court, Defendants will continue to violate the CWA.

48. For each violation under this claim, Defendants are subject to injunctive relief, as well as civil penalties for each day of violation in the amounts set forth in Paragraph 17 above.

**PRAYER FOR RELIEF**

WHEREFORE, the United States requests that the Court enter judgment against Defendant City of Cleveland Heights and Defendant State of Ohio and provide the following relief:

A.  A permanent injunction directing Cleveland Heights to take all steps necessary to comply with the CWA, in particular enjoining Cleveland Heights from further violations of CWA Section 301, 33 U.S.C. § 1311(a), and the regulations promulgated thereunder;

B.  An assessment of civil penalties of up to $37,500 per day for each violation occurring from January 12, 2009 through November 2, 2015; up to $51,570 per day for each violation occurring from November 3, 2015 through January 14, 2017; and up to $52,414 per day for each violation occurring on or after January 15, 2017.

C.  Grant such other relief as the Court deems appropriate.

Respectfully submitted,

BRUCE S. GELBER
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

THOMAS A. BENSON
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, DC 20044-7611

OF COUNSEL

JAMES VINCH
Water Enforcement Division
Office of Civil Enforcement

DAVID A. SIERLEJA
Acting United States Attorney

| | |
|---|---|
| Office of Enforcement and Compliance Assurance<br>United States EPA<br>Washington, DC 20460 | Northern District of Ohio<br><br>STEVEN J. PAFFILAS<br>Assistant United States Attorney<br>Northern District of Ohio |
| KRIS P. VEZNER<br>Associate Regional Counsel<br>United States EPA, Region 5<br>Chicago, IL  60604 | 801 West Superior Avenue; Suite 400<br>Cleveland, OH  44113 |

11

*Complaint: <u>United States v. City of Cleveland Heights and State of Ohio</u>*